UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLYVISION CORPORATION,

       Plaintiff,                                          Lead Case No. 1:03-CV-476

v                                                          Hon. Gordon J. Quist

SMART TECHNOLOGIES INC., et al,

       Defendants.
_____/

**ORDER**

        This is a patent infringement action in which Polyvision has asserted that Smart has willfully infringed claims 6, 10, and 20 of its '309 patent relating to tensioned whiteboards. Smart has elected to assert an advice-of-counsel defense to Polyvision's willfulness allegations and has produced a February 11, 2003 opinion written by its patent counsel, Richard P. Bauer, Esq. of Katten Muchin, along with other materials. By asserting an advice-of-counsel defense to willful infringement, Smart acknowledged that it has waived the attorney-client privilege concerning the subject matter of counsel's opinion. At issue is the scope of that waiver.

        Polyvision has filed a motion (docket no. 263) to require Smart to produce documents comprising or describing communications between Smart and its opinion counsel related to the subject matter of the latter's February 2003 opinion. Polyvision argues that Smart has failed to produce any documents or communications related to the opinion itself and/or which fall within the scope of Smart's subject matter waiver, which occurred after the date of counsel's opinion letter.

1

Since the opinion letter is nearly three years old, and the case is being intensely litigated, counsel for Polyvision finds this gap rather remarkable.

Smart has responded by filing an affidavit that on September 28, 2005 it produced to Polyvision not only the opinion in question but also other documents that relate to the opinion, as well as PowerPoint presentations and other materials used in connection with two mediation sessions which set forth detailed reasons why no claim of the '309 patent is infringed by any of Smart's accused products. The affidavit suggests that this is the universe of documents pertinent to this issue.

The definitive case in this instance is *Steelcase Inc. by Haworth Inc,* 954 F.Supp. 1195 (W.D. Mich. 1997) (Quist, J.), an opinion cited by both parties.   In its opinion, the court stated:

> [T]he privilege must be deemed waived concerning all documents in the client's hands that refer or relate to counsel's opinion or represent information relayed to counsel as a basis for that opinion
> . . . .
>
> By asserting advice-of-counsel as a defense to willful infringement, [the client] has waived the attorney-client privilege that would otherwise be applicable to communications between attorney and client concerning the subject matter, all documents referring to counsel's opinions, and all documents in the possession of [the client] bearing upon its state of mind. The waiver does not extend to attorney work product or documents upon which the attorney relied upon, unless they were somehow disclosed to [the client].

*Id.* at 1198-1200.

The subject matter waiver is a waiver of all communications on the same subject, *Michelin v Canon,* 208 FRD. 172, 174 (E.D. Mich. 2002), and the party pleading the defense waives both attorney-client privilege and work product protection, at least to the extent of all information

2

respecting communications between the attorney and client. *Id.* at 174; *Steelcase v Haworth, supra,* at 1200. Since the infringement is allegedly ongoing to the present day, and Smart is relying on its attorney's opinion to the present day, Smart must produce all communications made to it by its patent counsel at any time in regard to the waived subject matter, not merely those communications prior to the written opinion; it is not the date of the written opinion that is significant, but rather the fact that Smart has relied, and continues to rely, upon the opinions of its patent counsel, that there has been no infringement as to the waived subject matter. Whether those opinions were contained in the February 2003 letter or given orally or in writing before or after the 2003 letter, or whehter they changed over time as later-developed theories of invalidity of claims 6, 10 and 20 developed, any of counsel's mental impressions, conclusions, opinions or legal theories that have been communicated to Smart are probative of Smart's state of mind, and are therefore discoverable.

    The motion (docket no. 263) is GRANTED. In light of the fact there have apparently been no communications produced to Polyvision dated after the February 2003 letter, a nearly three-year period, Smart's patent counsel shall review the specific advice-of-counsel it has provided to Smart, as well as all other attorney-client communications relating to the same subject matter, *see K.W. Muth Co. v Bing-Lear Mfg. Group LLC,* 219 FRD 554, 565 (E.D. Mich. 2003), and ensure that the same have also been provided to Polyvision, and to the extent that any of these items have not been so provided, that shall be done within fourteen (14) days of the date of this order. Regardless of whether any further items are forthcoming, however, Smart's patent counsel shall provide an affidavit within the same period of time stating that its obligations as explained in this opinion have been satisfied.

IT IS SO ORDERED.

Dated:  December 19, 2005            /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     United States Magistrate Judge